**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TIBAL CLARKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-12-1094-R** |
| | ) | |
| **FEDERAL TRANSFER CENTER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging various violations of his constitutional rights, and under the Federal Tort Claims Act. Pursuant to an order entered by United States District Judge David L. Russell, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon conducting an initial review of the complaint, the undersigned finds that the claim against Defendant "L. Walker" in his individual capacity should be **DISMISSED** upon filing as untimely, that all claims against the Federal Transfer Center and the federal defendants acting in their official capacities be dismissed for lack of jurisdiction, and that the remainder of the action be **TRANSFERRED** to the Eastern District of Arkansas.

## BACKGROUND

Plaintiff brings this action against the following Defendants: Federal Transfer

Center; John Doe, warden; John Doe, medical director; John Doe, clinical director; L. Walker, P.A.; Federal Correctional Center, Forrest City-Low; warden Outlaw; Ella Taylor, R.N.; Amy Barker, R.N.; Jerald Jones, P.A.; Jack Vituitsky, P.A.; Cathie Walker, R.N.; Kathleen Maples, R.N.; H. Matos, M.D.; Nader Peikar, M.D.; and the United States of America.

Plaintiff alleges that his right to adequate medical care under the Eighth Amendment was violated by the Defendants. Complaint, 1-2. He alleges medical malpractice against the United States under the Federal Tort Claims Act. *Id.* at 3. Plaintiff alleges that in March 2009, while at the Federal Transfer Center in Oklahoma City (FTC-Oklahoma City), he was seen by Defendant Walker for rectal bleeding. Complaint, 1-2. Plaintiff alleges that Defendant Walker, a P.A., advised him to get more exercise and drink more water. *Id.* Plaintiff alleges that he saw Defendant Walker again when his condition worsened, and was told the same thing. *Id.* at 2. He alleges that no medical examination was performed. *Id.*

Plaintiff alleges that he was then transferred to the Federal Correctional Complex at Forrest City, Arkansas (FCC-Forrest City). Complaint, 2. Plaintiff does not state the exact date of his transfer, but alleges that he requested medical services at Forrest City in early April 2009. *Id.* Plaintiff then outlines a series of medical contacts over the course of a year and a half for his rectal bleeding, culminating in a colonoscopy in August 2010 that revealed he had colon cancer. Complaint, 2-7. Plaintiff was then transferred to the Federal Medical Center in Butner, North Carolina (FMC-Butner) for

2

treatment of his cancer. Complaint, 8.   In Exhibit A of the Complaint, Plaintiff states that his claims have nothing to do with the care he has received at FMC-Butner, but with his medical care at the FTC-Oklahoma City and FCC-Forrest City. Complaint, Ex. A [Doc. 1-1, p. 5]. As relief, Plaintiff seeks compensatory and punitive damages. Complaint, 8.

## INITIAL SCREENING

In any action filed by a person proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) obligates a court to "dismiss the case at any time if the court determines that . . . the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit "is frivolous where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). Section 1915(e) review of a complaint for failure to state a claim focuses on "plausibility in the complaint." *Carson v. Tulsa Police Dep't*, No. 07-5030, 266 Fed. Appx. 763, 765 (10th Cir. Feb. 21, 2008)[1] (quotation and alteration omitted) (applying plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007), to review the dismissal of a complaint pursuant to § 1915(e)).

In reviewing the sufficiency of the complaint, the factual allegations are broadly construed, presumed as true, and read in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). However, the "broad reading" of

---

[1]This and any other unpublished decision is cited in accordance with Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

3

pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## DISCUSSION

### I.  Official Capacity Claims against Individual Defendants and Federal Correctional Facilities

Plaintiff states that he is suing the Defendants in both their individual and official capacities. Complaint, 1-2. However, "[w]hen an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neal*, 867 F.2d 589, 590 (10th Cir. 1989) (federal employees, when sued in their official capacities, are immune from suit unless sovereign immunity has been waived) (citing *Kentucky v. Graham*, 473 U.S. 159, 165– 66 (1985)); *see also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). However, it is well established that the United States is immune from suit unless it has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see also United States v. $30,006.25 in United States Currency*, 236 F.3d 610, 613 (10th Cir. 2000) (recognizing that a "waiver of sovereign immunity cannot be implied but must be unequivocally expressed") (citing *Mitchell*, 445 U.S. at 538). The United States has not waived its sovereign immunity for constitutional torts. *Bivens v. Six Unknown Named*

4

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (doctrine of sovereign immunity precludes a *Bivens* action against the United States or agencies of the United States). Accordingly, the claims for money damages against the individual Defendants in their official capacities must be dismissed because Plaintiff may recover money damages, if at all, against Defendants in their personal capacities. Moreover, Plaintiff cannot bring an action against FTC-Oklahoma City or FCC-Butner. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity ... The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities."). Moreover, the Federal Tort Claims Act (FTCA) contains the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." 28 U.S.C. § 2679(b)(1). An FTCA claim can only be brought against the United States. *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009). Accordingly, FTC-Oklahoma City and FCC-Forrest City are not proper Defendants in this action.

## II.  Statute of Limitations

It is clear from the Complaint that Plaintiff's claims against Defendant Walker in his individual capacity are barred by the statute of limitations. Like an action brought under 42 U.S.C. § 1983, a *Bivens* action "is subject to the statute of limitations of the general personal injury statute in the state where the action arose." *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). In Oklahoma, the statute of limitations is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(3) ("an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated" must be brought within two years). Although the statute of limitations is governed by Oklahoma law, federal law controls the issue of when a federal cause of action accrues. *Industrial Constructors Corp.*, 15 F.3d at 968-69 (citing *Baker v. Board of Regents of the State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993).

As a general matter in a *Bivens* action, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action," that is "when he should have discovered it through the exercise of reasonable diligence." *Id.* at 969 (citations omitted).  Under this accrual rule, it is the "discovery of the injury, not discovery of the other elements of a claim [that] starts the clock." *Rotella v. Wood,* 528 U.S. 549, 555 (2000). Plaintiff attached exhibits to his Complaint showing that as of December 2009, he had been experiencing rectal bleeding with every bowel movement for the previous three months. Complaint, Exs. 3-

4. Plaintiff also alleges that he requested to be tested for cancer in August 2009, Complaint, 3. Plaintiff certainly had reason to know that he had allegedly been denied constitutionally adequate medical care at the hands of Defendant Walker nearly three years before he filed the instant *Bivens* action on October 3, 2012. Accordingly, Plaintiff's suit against Defendant Walker in his personal capacity is time-barred.[2]   It is therefore recommended that Plaintiff's *Bivens* claim against Defendant Walker be dismissed.

## III.  Venue

In light of the recommendation that Plaintiff's official capacity claims against the individual Defendants be dismissed, and that Plaintiff's *Bivens* claim against Defendant Walker be dismissed as time-barred, it appears that venue is not appropriate in the Western District of Oklahoma. The two venue statutes that are applicable both appear to support venue in the United States District Court for the Eastern District of Arkansas. Under the general venue statute, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be

---

[2]Plaintiff does not identify the three "John Doe" Defendants except by their job description. If they were named because they were employed at FTC-Oklahoma City, his claims against them would suffer from the same defect. However, it would be inappropriate to make that assumption based on the scarce details provided by Plaintiff with regard to the Doe Defendants.

> brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  A civil action where a defendant is the United States, or an officer or employee of the United States acting under color of legal authority may be brought in any judicial district in which:

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

*Id.* at § 1391(e)(1). The undersigned finds that under these venue statutes, venue is proper in the United States District Court for the Eastern District of Arkansas.  If this recommendation is adopted there will be no remaining Defendant in this District, and Plaintiff's allegations make it clear that the substantial part of the events underlying his claims occurred during the time he was housed at FCC-Forrest City.

When venue lies in the wrong district, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. "The 'interest of justice' is an amorphous standard, left largely undefined by the courts." 17 J. Moore, Moore's Federal Practice, § 111.34, at 111–165 (3d ed. 2011). Ordinarily, "transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice defeating.'" *Id.* at at 111–165 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)). In light of this standard, the undersigned recommends transfer rather than

8

dismissal.  As nearly all of the relevant events occurred at FCC-Forrest City, most of the witnesses and documentary evidence will be more readily available in the United States District Court for the Eastern District of Arkansas. In addition, although the undersigned has only specifically considered the statute of limitations with regard to Plaintiff's claim against Defendant Walker, that analysis leads the undersigned to believe that timeliness could be an issue with regard to some of Plaintiff's claims. For this reason, transfer is preferable to dismissal. Accordingly, it is recommended that the action be transferred to the United States District Court for the Eastern District of Arkansas.

## RECOMMENDATION

In light of the foregoing, it is recommended that Plaintiff's claims against the individual Defendants in their official capacities and the FTC-Oklahoma City and FCC-Forrest City be dismissed. It is further recommended that Plaintiff's claim against Defendant Walker in his individual capacity be **DISMISSED** as time-barred. Finally, in light of this recommended disposition, it is further recommended that the remainder of the action be **TRANSFERRED** to the United States District Court for the Eastern District of Arkansas. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **January 14, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the

Magistrate Judge in this matter. The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma.

ENTERED December 28, 2012.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE