THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIBAL CLARKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-1094-R |
| | ) | |
| FEDERAL TRANSFER CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin entered December 28, 2012. Doc. No. 14. Also before the Court is Plaintiff's Objection to the Report and Recommendation. Doc. No. 19. Plaintiff's only objection to the Report and Recommendation is to the Magistrate Judge's conclusion that Plaintiff's *Bivens* claim against Defendant Walker in his individual capacity is barred by the applicable two-year Oklahoma statute of limitations, Okla. Stat. tit. 12, § 95(3). The Magistrate Judge concluded that as of December of 2009, when Plaintiff had been experiencing rectal bleeding for the previous three months, or at least by August of 2009, when Plaintiff asked to be tested for cancer, Plaintiff's claim for medical malpractice had accrued because he "had reason to know that he had allegedly been denied constitutionally adequate medical care at the hands of Defendant Walker. . . ." Report and Recommendation at pp. 6-7.

The Magistrate correctly concluded that federal rather than state law determines when a cause of action accrues and the two-year Oklahoma statute of limitations begins to run.

Report and Recommendation at p. 6; *compare with Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)(§ 1983 claim is governed by state statute of limitations of the state in which the federal court sits but federal law determines the date on which the claim accrues and the statute of limitations begins to run). A cause of action for medical malpractice accrues under federal law when the plaintiff has discovered both his injury and its cause. *United States v. Kubrick*, 444 U.S. 111, 120, 100 S. Ct. 352, 62 L. #d. 2d 259 (1979). In a misdiagnosis/failure to treat claim, "the relevant injury for accrual is the injury that is caused by the misdiagnosis and lack of treatment, not the pre-existing injury that brought the patient to the doctor's door." *Harvey v. United States*, 685 F.3d 939, 949 (10th Cir. 2012). In such a case, "it is only when the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious problem that his cause of action can be said to have accrued . . . ." *Id.* (determining accrual under federal law for an FTCA medical malpractice case of misdiagnosis/failure to treat). Under the foregoing federal cases, the Court concludes that Plaintiff's medical malpractice claim under *Bivens* for failure to diagnose/failure to treat did not accrue and the statute of limitations did not begin to run until Plaintiff learned that he had colon cancer in August of 2010. Plaintiff filed this action on October 3, 2012. Accordingly, Plaintiff's *Bivens* claim against Defendant Walker in his individual capacity is barred by Oklahoma's two-year statute of limitations.

Plaintiff does not object to the Magistrate Judge's other conclusions and recommendations. Therefore, the Report and Recommendation, as supplemented herein, is

ADOPTED; Plaintiff's claims against FTC-Oklahoma City and FCC-Forrest City and against the individual Defendants in their official capacities are DISMISSED; Plaintiff's claim against Defendant Walker in his individual capacity is DISMISSED and this case is TRANSFERRED to the United States District Court for the Eastern District of Arkansas.

IT IS SO ORDERED this 12th day of February, 2013.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE